UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE UNDERWOOD,

        Petitioner,         Case No. 1:14-cv-815

v.        Honorable Robert Holmes Bell

LORI GIDLEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition and because Petitioner has filed a motion to stay, the Court will not dismiss the action at this time. Petitioner's motion to stay sufficiently satisfies the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), thus

the Court will stay this action pending Petitioner's complying with the further directions of this Court set forth in the attached order.

## Discussion

    I.       Factual allegations

Petitioner Tommy Lee Underwood presently is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility. Following a jury trial in the Van Buren County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b(2)(b), and one count of second-degree CSC, MICH. COMP. LAWS § 750.520c(2)(b). Petitioner was sentenced to 25 to 40 years' imprisonment for the first-degree CSC conviction and 8 to 40 years' imprisonment for the second-degree CSC conviction.

Petitioner appealed to the Michigan Court of Appeals raising the following ground for relief (verbatim):

> I.      WAS THERE SUFFICIENT EVIDENCE PROVEN BY THE PROSECUTION BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS GUILTY OF CRIMINAL SEXUAL CONDUCT FIRST DEGREE AND CRIMINAL SEXUAL CONDUCT SECOND DEGREE

(Am. Pet., docket #4, Page ID#8.)

The court of appeals affirmed Petitioner's conviction and sentence on March 12, 2013. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same ground he had raised in the court of appeals. The Michigan Supreme Court denied leave to appeal on July 30, 2013.

Petitioner now raises the same ground for relief he presented in the Michigan appellate courts and two one additional grounds for relief :

> II. DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO ADVISE DEFENDANT AND EXPLAIN THAT GOING TO TRIAL WOULD RESULT IN A MORE SEVERE SENTENCE THAN THE PLEA DEAL OFFERED.
>
> III. DEFENDANT WAS DENIED HIS SIX AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE APPELLANT COUNSEL FAILED TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(*Id.* at Page ID#15 (verbatim).)

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Concurrently with his petition for writ of habeas corpus, Petitioner filed a motion to hold the petition in abeyance pending exhaustion of his unexhausted claims of ineffective assistance of counsel. Consequently, it is clear that the petition raises both exhausted and unexhausted claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on July 30, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 28, 2013. Accordingly, Petitioner had one year, until October 28, 2014, in which to file his habeas petition. Petitioner timely filed the instant petition on August 1, 2014, 88 days before the expiration of the limitations period. However, Petitioner failed to use the form petition required by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a). As a result, Petitioner was ordered to file an amended petition on the form in order for the Court to conduct a preliminary review under Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. Petitioner timely filed an amended petition on the form on September 19, 2014,

however at that point, only 39 days remained before the statute of limitations would expire.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] Petitioner currently has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

As previously noted, Petitioner filed a motion to hold the petition in abeyance at the same time he filed the petition. In his motion, Petitioner avers that he intends to file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* to exhaust his ineffective assistance of counsel claims and seeks a stay to allow him to do so. The Court concludes that Petitioner has sufficiently satisfied the requirements set forth in *Rhines*. Accordingly, Petitioner's motion to hold the habeas petition in abeyance (docket #2) will be granted.

An Order consistent with this Opinion will be entered.


Dated: October 1, 2014                               /s/ Robert Holmes Bell
                                                                                                ROBERT HOLMES BELL
                                                                                                UNITED STATES DISTRICT JUDGE